**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

| | |
|---|---|
| **QAISAR AL MENTIFLY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 26-567-SDD-RLB** |
| **K. JORDAN, et al.** | |

---

**ORDER AND JUDGMENT**

Before the Court is the Government's Motion to Dismiss as Moot (Doc. 14) the pending 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus (Doc. 1). The Government represents that Petitioner, Qaisar Al Mentifly (Petitioner), was released from the custody of U.S. Immigration and Customs Enforcement (ICE) on June 3, 2026 on an order of supervision. And because he is no longer in ICE detention, his habeas Petition should be dismissed as moot. Petitioner has filed no objection, and the standard time to do so has passed.

A case becomes moot if it no longer presents a case or controversy under Article III, § 2 of the Constitution. *See, e.g., Spencer v. Kemna*, 523 U.S. 1, 7 (1998).

> For a court to exercise habeas jurisdiction over a petitioner no longer in custody, the petitioner must demonstrate that he was in custody at the time he filed the petition and that his subsequent release has not rendered the petition moot, i.e., that he continues to present a case or controversy under Article III, § 2 of the Constitution. *Spencer*, 523 U.S. at 7. The petitioner presents an Article III controversy when he demonstrates "some concrete and continuing injury other than the now-ended incarceration"—a "collateral consequence of the conviction." *Id.* (internal quotations removed).

*Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

In this case, Petitioner challenged only the constitutionality of his detention in ICE custody and sought release. Because the detention in question has ended, and Petitioner has not alleged any collateral consequences resulting from that detention, there is no longer a live case or controversy.

*See Francis v. Lynch*, 622 F. App'x 455 (5th Cir. 2015) (citing *Odus v. Ashcroft*, 61 F. App'x 121, 121 (5th Cir. 2003); *Umanzor v. Lambert*, 782 F.2d 1299, 1301 (5th Cir. 1986).

And so, **IT IS ORDERED** that the Government's Motion to Dismiss (Doc. 14) is **GRANTED** and that this ICE habeas matter is **DISMISSED AS MOOT.**[1]

Signed in Baton Rouge, Louisiana, on August 28, 2026.

Shelly D. Dick

**CHIEF JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

[1] "A dismissal on mootness grounds is without prejudice to future suits on the merits of the same claim." *Wilderness Soc. v. Salazar*, 603 F. Supp. 2d 52, 72 (D.D.C. 2009) ; *see also Payne v. Panama Canal Co.*, 607 F.2d 155, 158 (5th Cir.1979) (holding that "[t]he dismissal without prejudice of the prior actions on grounds of mootness does not serve as a final adjudication on the merits so as to bar this action").